### VUKOVICH v De BARTOLO et

Ohio Appeals, 7th Dist, Mahoning Co

Decided March 23, 1934

W. R. Stewart, Youngstown, and John Willo, Youngstown, for plaintiff in error.

A. M. Henderson, Youngstown, and Barnum, Hammond, Stephens & Hoyt, Youngstown, for defendants in error.

FUNK, J, (9th Dist) sitting by designation.

**OPINION**

By FUNK, J.

The sole question before this court at this time is whether or not the evidence in the case brings it within the rule announced in the case of Baker-Evans Ice Cream Company v Tedesco, supra, and **Ziehm v Vale, 98 Oh St, 306.** The undisputed facts in this case clearly show that the defendant DeBartolo, with the assistance of several employees, had been operating a large cement mixer located on the public street, close to the curb, and between the curb and the sidewalk, for some days, where they were putting in a large amount of cement and would move the mixer, which was equipped with a caterpillar traction, along the curb a short distance at a time for convenience as the work progressed. Children would congregate in the street in close proximity to the mixer to watch the men operate and move it, and on several occasions each day the men would order the children to keep away. On the occasion of the accident, some six or seven small children, around five or six years of age, had congregated in the street within a few feet of the mixer, which was either in operation or about to be moved a short distance, when an employee ordered the children to go away. The language of the witnesses was that he "chased them away", but there is no evidence of his running after them. The street at that place is twenty-four feet from curb to curb, and all of said children, except plaintiff, immediately ran to the opposite side of the street from the mixer when DeBartolo's employee ordered them to go away. The plaintiff remained, and seemingly refused to go. Said employee then tried to shoo her away with his hand and picked up a stick, about eighteen inches long, and waved it at her, and while close enough to her to have struck her, he did not do so, and as he took one or two steps towards her, she walked backwards five or six steps with her hands up, with palms towards said employee. As she was thus stepping backwards, she was hit by an automobile, a small truck, being driven by the defendant First, somewhere near the center portion of the street. He was going easterly, and plaintiff was going towards the south side of the street. There is no evidence that plaintiff or the employee saw the defendant First coming in his truck. Defendant First, being called for cross examination, testified, in substance, that he saw no one in the street till after he hit her; that he saw the mixer and was driving near his right hand or south side of the street. There is other evidence that he was about six feet from his right hand curb or near the center portion of the street.

While the facts in the instant case are somewhat different than in the Ice Cream Company case, was the manner and demeanor of defendant DeBartolo's employee, in endeavoring to get plaintiff to go away from said mixer after she had refused to go, such as to take this case out of the rules announced in the Ice Cream Company v Tedesco, supra, case, and the Ziehm v Vale, supra, case? We think not. We find no evidence of willful or wanton negligence on the part of DeBartolo's employee. It is clear from the evidence that if the plaintiff had gone when all the other children went to the opposite (south) side of the street, where she lived, she would not have been injured, and it is apparent that defendant DeBartolo's employee was doing just what the courts have said should be done, as it seems there can be no question but that it was more or less dangerous to have a group of small children congregated within a few feet of a large cement mixer, which was about thirty feet long, nine feet wide, and ten feet high over all, while it is either in operation or being moved. If one of them, through curiosity, had come in contact with the mixer or had been playfully pushed into or on to the mixer, while it was in operation or was being moved, and had been injured, it is quite probable that the defendant DeBartolo would have been charged with negligence in not compelling such small children as plaintiff to keep such distance from the mixer as not to be tempted to get on to it or to playfully push another into it.

We therefore hold that the trial court

did not err in directing a verdict for the defendant DeBartolo, and the judgment is affirmed.

FARR, J, concurs.